(42 South. 975.)

No. 16,306.

MARTEL et al. v. JENNINGS–HEYWOOD OIL SYNDICATE.

(Jan. 21, 1907.)

1. EVIDENCE—PRESUMPTIONS—APPEAL—OMNIA RITE ACTA.

The principle is well settled. The acts of a court of competent jurisdiction are presumed to have been rightly done until the contrary appears.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 104.]

2. APPEAL — PRESUMPTIONS — EXISTENCE OF ERROR—PARTIES SUBMITTED THEIR INTEREST.

The differences about costs claimed by the sheriff and objected to by the parties to the suit were submitted to the court for decision. No evidence was taken. It was left to the court to determine amount of compensation due.

A judgment will be taken as correct and legal if it is brought up without the evidence and there is no reversible error on the face of the proceedings.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error. § 3777.]

3. SAME—THE ITEMS OF COST.

It does not appear that any item of difference was left out in rendering the judgment. The reference to fee of attorney in the reasons for judgment is not ground sufficient to annul it, as it does not appear that an amount was allowed for attorney's fee. There is admission in the record that the sheriff's services were in some respect in the nature of a receiver's services, in which a fee may be allowed for attorney's services.

It does not appear that there was or was not necessity for the services. The court holds that the question has been properly decided in view particularly of the agreed statement of facts.

4. SAME—JUDGMENT FINAL.

Persons who submit their interests in the subject-matter of the litigation to the consideration of the court and invite its adjudication thereon without evidence, save that within the court's knowledge, are bound.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3955.]

(Syllabus by the Court.)

Appeal from Eighteenth District Court, Parish of Acadia; Philip Sidney Pugh, Judge.

Action by J. Sully Martel and others against the Jennings-Heywood Oil Syndicate. Rule to show cause why motion for sheriff to approve bill of costs should not be granted. Judgment for plaintiff in rule, and defendants in rule appeal. Affirmed.

See 39 South. 705, 115 La. 615.

J. Sully Martel, Donelson Caffery & Son, and Richardson & Soulé, for appellants. Medlenka & Taylor, for appellee.

BREAUX, C. J. This was an action addressed to the court by the sheriff, asking the court to approve his bills of costs, to tax the keepers' fees, and the other costs of seq-

uestration which the court had ordered to be issued.

A rule was issued in each case by the court in October, 1905, directing the plaintiffs and the defendants to show cause at a date fixed why the motion should not be granted and the rule made absolute.

The defendants, the Jennings-Heywood Syndicate, in answer to this rule in each case, admitted that the sheriff had stored some of the oil sequestered, but denied that there was a contract fixing compensation for the same.

In the second place, the respondent, referring to a contract which is not before us, averred that the asserted contract was unreasonable, and the amount excessive and incorrect.

These last averments, we understand, referred to the sheriff's costs.

The plaintiff J. Sully Martel and others about the same date in their answer alleged very much to the same effect. They complained of the failure of the sheriff to properly perform the duties devolving upon him, and averred that it resulted in a large amount of damages to them.

Some time after these answers were filed the agreement was entered into to tax the costs of the sheriff and of other parties to whom fees were due.

This agreed statement fixed the amount to be paid to gaugers, watchmen, and bookkeepers. The second paragraph of the agreement reads as follows:

"The fees due to the sheriff as receiver should be fixed by the court according to its estimate of his labors and responsibility, and, as such services have been rendered under the eyes and by the direction of the court, it is agreed that there is no necessity for the taking of testimony to establish what his labors and responsibility have been, and that the court shall take judicial cognizance of his entire gestion and of the compensation to which he is entitled."

During the course of the litigation there were motions filed and orders granted. Among them there was a petition addressed

to the court by the sheriff, wherein he asked the court to fix his fees as quasi receiver.

Documents were copied in the record which proved that the amount involved in the litigation was unusually large and the responsibility of the sheriff great. He was called upon to perform a great number of acts in sequestrating the property of large value and in keeping it safe.

We leave these facts, and take up the case as presented by the agreed statement. If we were to take up the case from the standpoint of the appellants, the most that it would be possible for us to do would be to remand it; for by agreement no evidence has been taken. But, after having considered this agreement, we concluded that there was no necessity to remand the case, and that it is as well to dispose of the issues at this time.

The agreement authorized the district judge to fix the amount. This he has done. It is not shown in what respect he has erred. The amount he has fixed should remain.

There is no question here of assessing costs under the requirements of the law limiting costs. All parties agreed that the sheriff was entitled to compensation for the services rendered, and, having written their agreement, they authorized the district judge to act and fix these fees. They were fixed at $3,000 in the consolidated cases here. It was agreed that the court would take cognizance of the entire gestion and of the compensation due therefor. That court is within immediate touch with the sheriff's office. Many of the services of that office are rendered in accordance with its orders. The judge has special opportunity to judge of the value of the services of the sheriff from personal observation. This court has not that opportunity on appeal. We would not presume to fix the amount. We are not inclined to assume jurisdiction for the reason that with the evidence before us we do not see that the judge

has gone beyond the terms of the agreement; for, after all, in regard to the fees of attorney, the statement of the court is that after having considered all the sheriff had done, and considering, also, that he had been obliged to employ an attorney, the amount allowed is fair.

We are not to assume that the amount is incorrect and that it should not have been allowed. If the sheriff was acting as a receiver in matter of this litigation, as we infer from the allegations in the petition he was entitled to something for the fee of attorney.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is affirmed.